

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 15, 1957

Dr. Ralph T. Green
Director
Texas Commission on
  Higher Education
308 West 15th Street
Austin, Texas

Opinion No. WW-226

Re: Is the authorization of the
    Commission on Higher Education
    required for Texas Technologi-
    cal College to continue to
    operate its Bureau of Business
    Research, so long as the oper-
    ating funds for this Bureau

Dear Dr. Green:
    are not State funds?

      In your letter of request for an official opinion
from this office, you set forth the historical development of
the Bureau of Business Research of Texas Technological College,
which began operations on June 1, 1957. The essence of the
development was that over four years ago the West Texas Chamber
of Commerce determined that West Texas needed a Bureau of Busi-
ness Research, and that the Chamber should try to get one
started at Texas Tech. The Chamber approached Texas Tech and
the latter expressed interest in the idea.

      On March 29, 1956, the Board of Directors of the West
Texas Chamber of Commerce formally approved an agreement with
Texas Technological College which in essence contained the fol-
lowing provisions:

a) "The Chamber will underwrite the project to the
    minimum extent of $60,000 so as to provide a mini-
    mum annual operating budget of $20,000 for each of
    the first three years; and

5) "The College will create the Bureau and get it
    into operation and, at the end of these three years,
    'subject to availability of legislative funds, as-
    sume the responsibility for the operating cost, and
    continuation of such Bureau.'"

      The Board of Directors of Texas Technological College
approved the agreement on May 28, 1956.

      You request for clarification and interpretation of
that part of Section 12 of ch. 487, Acts 54th Leg., R.S. 1955,
p. 1217 (Article 2919e-2, Vernon's Civil Statutes), relating

to the duties of the Texas Commission on Higher Education which provides that:

"The Commission shall make a continuing study of the needs of the State, for research and for extension and public services, and shall have the authority to designate the institutions to carry out research, extension and public service programs in so far as these functions are paid for with State funds."

The specific questions posed in your opinion request are as follows:

1. "Is the authorization of the Commission required for Texas Technological College to continue to operate its Bureau of Business Research, which began operation for the first time on June 1, 1957, so long as the operating funds for this Bureau are not State funds?

2. "Was the specific prior approval by the Commission required for Texas Technological College to establish its present Bureau of Research?

3. "In designating the institutions 'to carry out research, extension and public service programs in so far as these functions are paid for with State funds,' does the Commission have the responsibility and authority to specify the particular kinds of 'research, extension and public service programs' which are to be undertaken by the designated institutions?

4. "Does the responsibility and authority of the Commission, in this particular instance, begin only when State funds are used?"

Section 12, Article 2919e-2, Vernon's Civil Statutes, provides that the Texas Commission on Higher Education shall have the authority and responsibility to designate which institutions are to carry out research, extension and public service programs in so far as these functions are paid for with <u>State funds</u>.

The Commission's authority in regard to such programs is predicated upon the premise that the programs are to be financed and maintained with State funds.

It is our understanding that State funds were not used in establishing the subject Bureau and that State funds will not be required for the maintenance of same until at least three years from the date said Bureau was established. Accordingly, you are advised:

1.  The authorization of the Texas Commission on Higher Education is not required for Texas Technological College to continue to operate its Bureau of Business Research, so long as no portion of the operating funds for this bureau are State funds.

2.  The specific prior approval by the Texas Commission on Higher Education was not required for Texas Technological College to establish its present Bureau of Business Research.

3.  The Texas Commission on Higher Education in designating the institutions to carry out research, extension and public service programs, has the responsibility and authority to specify the particular kinds of research, extension and public service programs which are to be undertaken by the designated institutions in so far as these functions are paid for with State funds.

4.  The responsibility and authority of the Texas Commission on Higher Education, in this particular instance, begins only when State funds are used.

## SUMMARY

The authorization of the Texas Commission on Higher Education is not required for Texas Technological College to continue to operate its Bureau of Business Research, so long as no portion of the operating funds for this Bureau are State funds. The specific prior approval by the Texas Commission on Higher Education was not required for Texas Technological College to establish its present Bureau of Business Research. The Texas Commission on Higher Education in designating the institutions to carry out research, extension and public service programs, has the responsibility and authority to specify the particular kinds of research, extension and public service programs which are

to be undertaken by the designated institutions in so far as these functions are paid for with State funds. The responsibility and authority of the Texas Commission on Higher Education, in this particular instance, begins only when State Funds are used.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Marvin R. Thomas Jr*

Marvin R. Thomas, Jr.
Assistant

MRT:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Leonard Passmore
Mark McLaughlin
J. W. Wheeler

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Geo. P. Blackburn